Singh v. Bondi

BIA
Laforest, IJ
A209 152 926

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

SANDEEP SINGH,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

23-7089
NAC

_____

FOR PETITIONER:                    Thomas V. Massucci, New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sandeep Singh, a native and citizen of India, seeks review of an August 17, 2023 decision of the BIA affirming a March 13, 2020 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Sandeep Singh*, No. A 209 152 926 (B.I.A. Aug. 17, 2023), *aff'g* No. A209 152 926 (Immigr. Ct. N.Y.C. Mar. 13, 2020).   We assume the parties' familiarity with the underlying facts and procedural history.

"[W]e review the decision of the IJ as supplemented by the BIA," but we only consider the grounds for the IJ's decision that the BIA reached and relied on. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *see also Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).   We review "factual findings, including adverse credibility findings, under the substantial evidence standard."

*Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on " (1) "the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)," (2) "the internal consistency of each such statement," and (3) "the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that members of the Shiromani Akali Dal Badal Party, which is allied with the Bharatiya Janata Party (the "BJP"), harassed, threatened, and, on two occasions, assaulted him because he supported the Shiromani Akali Dal

Amritsar Party. Substantial evidence supports the IJ's adverse credibility determination because Singh's testimony was inconsistent as to whether (1) his attackers' car had a sign from the Badal Party or the BJP, (2) his attackers used sticks during one or both beatings, and (3) he went to the police and a doctor after one or both attacks. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

The agency was not required to credit Singh's explanations, which did not even resolve the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Singh's testimony about an alliance between the BJP and Badal Party did not explain his inconsistent statements about signs on his attackers' car, and the significance of an omission in the doctor's letter was compounded by Singh's own inconsistent statements about how many times he sought medical care. *See Hong Fei Gao*, 891 F.3d at 81 n.4 (noting that the agency may rely on third-party

4

omissions "on a case-by-case basis and weighed in light of the totality of the circumstances"); *Majidi*, 430 F.3d at 80.

The IJ also reasonably relied on the lack of reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given Singh's own inconsistent statements, the IJ did not err in declining to credit the letter from Singh's doctor who was unavailable for cross examination. *See Likai Gao*, 968 F.3d at 149 (concluding that the "IJ acted within her discretion in according . . . little weight" to letters by declarants "[not] available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

In sum, substantial evidence supports the adverse credibility determination given the multiple inconsistencies and the lack of reliable corroboration. *See Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That adverse credibility determination is dispositive because all three forms of relief were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court